UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA NOLAN, </br></br>  Plaintiff, </br></br> v. </br></br> CITY OF CHICAGO, et al., </br></br>  Defendants. | No. 25-cv-04338 </br></br> District Judge: </br> The Honorable John Robert Blakey |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants, City of Chicago ("City") and Chicago Police Officers Matthew Shea, Carl Williams, and Chad Cwik, (collectively "Defendants"), by and through one of their attorneys, Eric Seeleman, Assistant Corporation Counsel, for their Answer, Affirmative Defenses, and Jury Demand state as follows:

**INTRODUCTION**

1. This action, arising out of the unlawful arrest and detention of Plaintiff Vanessa Nolan, is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Ms. Nolan's rights under the Constitution of the United States.

ANSWER: Defendants admit that the action purports to arise out of the unlawful arrest and detention of Plaintiff Vanessa Nolan, and is purportedly brought pursuant to 42 U.S.C. § 1983 to address deprivations of Ms. Nolan's rights under the Constitution of the United States. Defendants deny any misconduct or wrongdoing alleged herein.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

    ANSWER:    Defendants admit that jurisdiction and venue is proper in this Court.

## THE PARTIES

    3.    The Plaintiff, Vanessa Nolan, resides in Illinois.

    ANSWER:    Defendants admit, upon information and belief, the allegations contained in this paragraph.

    4.    Defendant Chicago Police Officers were at all relevant times duly appointed police officers of the City of Chicago acting within the scope of their employment and under color of law. They are being sued in their individual capacities.

    ANSWER:    Defendants admit the allegations contained in this paragraph but deny any misconduct or wrongdoing alleged herein.

    5.    Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the state of Illinois and is the employer of Defendant Officers.

    ANSWER:    Defendants admit the allegations contained in this paragraph.

## FACTS

    6.    On or about April 21, 2024, at approximately 12:45 a.m., Defendant Officers responded to a domestic disturbance call made by Plaintiff's husband, Eleazar Nolan, and proceeded to Plaintiff's residence located at 8201 S. Harper Ave., Chicago, Illinois 60619.

    ANSWER:    Defendants admit the allegations contained in this paragraph.

    7.    At the time, Plaintiff was a cadet in the police academy a few weeks away from taking her state examination to become a Chicago Police Officer.

ANSWER: Defendants admit, upon information and belief, the allegations contained in this paragraph.

8. Plaintiff is currently a Chicago Police Officer.

ANSWER: Defendants admit the allegations contained in this paragraph.

9. Defendant Officers Williams and Cwik were the first officers to arrive on scene.

ANSWER: Defendants admit the allegations contained in this paragraph.

10. Plaintiff informed Defendants Williams and Cwik that she and Mr. Nolan had a verbal argument in the car earlier that evening.

ANSWER: Defendants admit the allegations contained in this paragraph.

11. Plaintiff further stated that Mr. Nolan threw her phone out of the vehicle's window during the argument. Plaintiff exited the vehicle, retrieved her phone and called a friend to pick her up while Mr. Nolan proceeded to the couple's residence.

ANSWER: Defendants admit the allegations contained in this paragraph.

12. By the time Defendants Williams and Cwik arrived, Plaintiff's friend had dropped her off at the residence to retrieve her things.

ANSWER: Defendants admit the allegations contained in this paragraph.

13. As Defendants Williams and Cwik entered the residence, Plaintiff was in the process of packing her belongings to leave the marital home and stay with her mother. She informed the officers of her intention.

ANSWER: Defendants admit the allegations contained in this paragraph.

14. Defendants Williams and Cwik allowed Plaintiff to finish packing.

ANSWER: Defendants deny that the allegations in this paragraph constitute a full and accurate statement of events.

15. With Defendant Williams and Cwik's permission and assistance, Plaintiff then exited the home and sat in her vehicle which was parked in front of her home.

ANSWER: Defendants admit that Plaintiff exited the home and sat in her vehicle which was parked in front of her home. Defendants deny the remaining allegations contained in this paragraph.

16. By this time, several additional officers had arrived on scene and were generally standing between the front door of the residence and Plaintiff's vehicle.

ANSWER: Defendants admit that several additional officers had arrived on scene but deny the remaining allegations contained in this paragraph.

17. While Plaintiff was sitting in her running vehicle, at Plaintiff's request, Defendant Williams went into the house and retrieved Plaintiff's duty firearm and uniform for her.

ANSWER: Defendants admit the allegations contained in this paragraph.

18. The officer placed those items in Plaintiff's trunk and told Plaintiff to stay in her vehicle until the Sergeant arrived. Plaintiff readily complied staying seated in the vehicle.

ANSWER: Defendants admit the allegations contained in this paragraph.

19. While Plaintiff was still seated in her running vehicle, Defendant Williams assured Plaintiff that she need not be concerned about her position at CPD based on the incident and asked Plaintiff if she needed anything else from the residence.

ANSWER: Defendants admit that while Plaintiff was still seated in her running vehicle, Defendant Williams assured Plaintiff that she need not be concerned about her position at CPD in relation to the domestic dispute allegations that precipitated the call and asked Plaintiff if she needed anything else from the residence. Defendants deny the remaining allegations contained in this paragraph.

20. Plaintiff asked Defendant Williams to retrieve her boots from the residence.

ANSWER: Defendants admit the allegations contained in this paragraph.

21. Defendant Williams agreed and took Plaintiff's house keys, which were attached to her car keys, at that time and proceeded to walk back towards the house to retrieve her boots. Before he was able to get there, Defendant Sergeant Shea arrived on scene.

ANSWER: Defendants admit the allegations contained in this paragraph.

22. Defendant Williams explained to Defendant Shea that Mr. Nolan had alleged that Plaintiff was threatening Mr. Nolan and being "belligerent." However, the officers explained that they were unable to ascertain the nature of the threat or 'belligerent" behavior from Mr. Nolan.

ANSWER: Defendants admit the allegations contained in this paragraph.

23. Defendant Williams and/or Defendant Cwik told Defendant Shea that they believed that Mr. Nolan was intoxicated, but Plaintiff was not.

ANSWER: Defendants admit the allegations contained in this paragraph.

24. More specifically, Defendant Williams and/or Defendant Cwik informed the Defendant Shea that they, "[saw] no indication that [Plaintiff] was under the influence" of any intoxicants.

ANSWER: Defendants admit the allegations contained in this paragraph.

25. The officers on-scene further informed Shea that, "[w]hen [the officer] was looking at [Plaintiff]. [Plaintiff] was looking straight at [the officer]. [Plaintiff] seem[ed] completely fine."

ANSWER: Defendants admit the allegations contained in this paragraph.

26. When directly asked by Defendant Shea whether Plaintiff was intoxicated, the officers' response was, "No. [Plaintiff] is not intoxicated at all."

ANSWER: Defendants admit the allegations contained in this paragraph.

27. When Defendant Shea questioned Mr. Nolan, Mr. Nolan told Defendant Shea that Plaintiff had not been drinking, had not assaulted or battered him and he did not want to press charges of any kind against Plaintiff.

ANSWER: Defendants admit the allegations contained in this paragraph.

28. Despite this, pursuant to Special Order S08-01-10, Defendant Shea informed Plaintiff that she was required to submit to a breathalyzer test and field sobriety test at the station - not for a criminal investigation, but for an administrative investigation based on her role as a police cadet.

ANSWER: Defendants admit that Defendant Shea informed Plaintiff that she was required to submit to a breathalyzer test at the station in relation to an administrative investigation, as a result of her role as a police cadet and the allegations of inebriation. Defendants deny the remaining allegations contained in this paragraph and deny any misconduct or wrongdoing alleged herein.

29. Plaintiff was then transported to the 4th District Station for an internal affairs investigation.

ANSWER: Defendants admit the allegations contained in this paragraph.

30. While at the station, Plaintiff was forced to submit to a breathalyzer and field sobriety test.

ANSWER: Defendants admit that while at the station, Plaintiff submitted to a breathalyzer and field sobriety test. Defendants deny the remaining allegations contained in this paragraph.

31. Plaintiff passed the breathalyzer test with a reading of .049.

6

ANSWER: Defendants deny the allegations contained in this paragraph.

32. Pursuant to the body-worn camera video of the field sobriety test, Plaintiff appears completely sober, following directions, walking with ease and stability at all times.

ANSWER: Defendants deny the allegations contained in this paragraph.

33. Despite this, Defendants pursued false charges of Driving Under the Influence under 625 ILCS 5/11-501(A)(2) and under 625 ILCS 5/11-501(A)(1).

ANSWER: Defendants deny the allegations contained in this paragraph.

34. Plaintiff was held at the station after she was processed until approximately 9:00am the following morning.

ANSWER: Defendants deny the allegations contained in this paragraph.

35. All charges against Plaintiff were dismissed on June 11, 2024 in a manner indicative of innocence.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

36. Plaintiff was terminated from the CPD academy in the spring of 2024.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

37. Plaintiff was rehired by CPD after her charges were dismissed, but not until December 8, 2024.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

38. Plaintiff obtained mental health treatment through EAP for her emotional distress resulting from the false arrest until she was terminated and lost her insurance coverage.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

39. Plaintiff's attempts to get her record expunged have been unsuccessful thus far.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

40. As a result of the foregoing, Plaintiff suffered emotional distress, embarrassment, humiliation, lost wages, loss of health insurance, towing fees, loss of liberty, loss of dignity, and loss of seniority at CPD which affects her ability to earn sick time, paid vacation and timely promotions.

ANSWER: Defendants deny the allegations contained in this paragraph.

## COUNT I
## 1983 FOURTH AMENDMENT
UNLAWFUL SEIZURE/
FALSE ARREST
(Against All Individual Defendants)

41. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

ANSWER: Defendants re-incorporate and re-state their answers to all previous paragraphs as though fully set forth herein.

42. Defendant Officers, acting under the color of law, caused Plaintiff to be seized when the officers held Plaintiff at the station on false DUI charges through approximately 9am the following morning.

ANSWER: Defendants admit that they were acting under color of law at all times relevant, but deny the remaining allegations contained in this paragraph and deny any misconduct or wrongdoing alleged herein.

43. Defendant Officers did not have probable cause to believe that Plaintiff had committed a crime at any time.

ANSWER: Defendants deny the allegations contained in this paragraph.

44. In fact, the Defendants noted on video that they did not believe Mr. Nolan's allegation that Plaintiff threatened Mr. Nolan nor did they believe that Plaintiff was intoxicated. On the contrary, they believed that Mr. Nolan was intoxicated.

ANSWER: Defendants deny that this paragraph contains a complete and accurate recitation of events.

45. Defendant Officers did not have reasonable suspicion to believe that Ms. Nolan had or was about to commit a crime when she was forced to submit to a breathalyzer test or a field sobriety test at the station or any time thereafter.

ANSWER: Defendants deny the allegations contained in this paragraph.

46. Defendant Officers had no lawful justification to pursue criminal charges against Plaintiff for any crime whatsoever.

ANSWER: Defendants deny the allegations contained in this paragraph.

47. Defendant Officers, acting under the color of law, caused Ms. Nolan's vehicle to be seized when the officers had her vehicle impounded after falsely arresting her on two counts of DUI.

ANSWER: Defendants admit that they were acting under color of law at all times relevant, but deny the remaining allegations contained in this paragraph and deny any misconduct or wrongdoing alleged herein.

48. Defendant Officers did not have probable cause to believe that Plaintiff's vehicle was evidence of any crime when they ordered it seized.

ANSWER: Defendants deny the allegations contained in this paragraph.

49. In seizing Plaintiff's vehicle by towing it, without probable cause or other legal justification, Defendant Officers violated Plaintiff's Fourth Amendment rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

50. The foregoing actions constitute deliberate indifference to Ms. Nolan's rights under the United States Constitution in violation of the Fourth Amendment.

ANSWER: Defendants deny the allegations contained in this paragraph.

51. Defendants' conduct was objectively unreasonable and undertaken intentionally with willful and wanton indifference to Plaintiff's constitutional rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

52. As a result of the foregoing, Plaintiff suffered emotional distress, embarrassment, humiliation, lost wages, loss of health insurance, towing fees, loss of liberty, loss of dignity, and loss of seniority at CPD, which affects her ability to earn sick time, paid vacation and timely promotions.

ANSWER: Defendants deny the allegations contained in this paragraph.

## COUNT II
## MALICIOUS PROSECUTION
(Against All Individual Defendants)

53. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

ANSWER: Defendants re-incorporate and re-state their answers to all previous paragraphs as though fully set forth herein.

54. Defendants maliciously caused criminal charges to be commenced and continued against Plaintiff by creating false and incomplete police reports and swearing to false criminal charges.

ANSWER: Defendants deny the allegations contained in this paragraph.

55. There was no probable cause for the institution of criminal charges against Plaintiff.

ANSWER: Defendants deny the allegations contained in this paragraph.

56. The criminal charges against Plaintiff were disposed of in a manner indicative of Plaintiff's innocence.

ANSWER: Defendants deny the allegations contained in this paragraph.

57. Plaintiff sustained injuries including without limitation, emotional distress, humiliation, loss of liberty, loss of use and enjoyment of her vehicle, towing expenses, and mental anguish among others.

ANSWER: Defendants deny the allegations contained in this paragraph.

58. The misconduct undertaken by the Defendants was within the scope of their employment and under color of law.

ANSWER: Defendants admit that all actions undertaken were within the scope of their employment and under color of law but deny the remaining allegations contained in this paragraph and deny any misconduct or wrongdoing alleged herein.

**COUNT III: 1983- SUPERVISORY LIABILITY**
(Against Defendant Shea)

59. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

ANSWER: Defendants re-incorporate and re-state their answers to all previous paragraphs as though fully set forth herein.

60. At all relevant times, Defendant Shea was the supervisor of Defendants Willams and Cwik.

ANSWER: Defendants admit that at all relevant times, Defendant Shea was a supervisor of Defendants Williams and Cwik. Defendants deny the remaining allegations contained in this paragraph.

61. Defendant Shea was personally involved in depriving Ms. Nolan of her constitutional rights in that he facilitated, approved of and condoned her unlawful arrest.

ANSWER: Defendants deny the allegations contained in this paragraph.

62. Defendant Shea's conduct was undertaken intentionally with malice, willfulness and reckless indifference to Plaintiff's rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

**COUNT IV: 1983- FAILURE TO INTERVENE**
(Against All Individual Defendants)

63. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

ANSWER: Defendants re-incorporate and re-state their answers to all previous paragraphs as though fully set forth herein.

64. Each individual Defendant had a reasonable opportunity to prevent one another from falsely arresting Plaintiff, but failed to do so.

ANSWER: Defendants deny the allegations contained in this paragraph.

65. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered emotional injuries as well as loss of liberty, and termination of employment as a Chicago Police Officer.

ANSWER: Defendants deny the allegations contained in this paragraph.

66. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to Plaintiff's rights.

ANSWER: Defendants deny the allegations contained in this paragraph.

## COUNT V
## 745 ILCS 10/9-102- INDEMNIFICATION

67. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

ANSWER: Defendants re-incorporate and re-state their answers to all previous paragraphs as though fully set forth herein.

68. At all relevant times, Defendant City of Chicago was the employer of Defendant Officers.

ANSWER: Defendants admit that at all relevant times the Defendant City of Chicago was the employer of the Defendant Officers but deny any misconduct or wrongdoing alleged herein.

69. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as City of Chicago police officers.

ANSWER: Defendants admit that they were at all times acting under color of law and in the scope of their employment as City of Chicago police officers. Defendants deny the remaining allegations contained within this paragraph and any misconduct or wrongdoing alleged herein.

70. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER: Defendants deny that this paragraph contains a complete and accurate statement of the relevant law.

71. As a proximate cause of the unlawful acts of the individual Defendants, which occurred within the scope of their employment, Plaintiff was injured.

ANSWER: Defendants admit that all acts of the individual Defendants occurred within the scope of their employment but deny the remaining allegations contained in this paragraph and deny any misconduct or wrongdoing alleged herein.

## COUNT VI—RESPONDEAT SUPERIOR

72. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

ANSWER: Defendants re-incorporate and re-state their answers to all previous paragraphs as though fully set forth herein.

73. In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

ANSWER: Defendants admit that at all times the Individual Defendants were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law. Defendants deny the remaining allegations contained in this paragraph and deny any misconduct or wrongdoing alleged herein.

74. Defendant City of Chicago is liable as principal for all torts committed by its agents.

ANSWER: Defendants deny that this paragraph contains a complete and accurate statement of the relevant principles of law.

## FIRST AFFIRMATIVE DEFENSE

Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said

Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that said Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law. See *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

## SECOND AFFIRMATIVE DEFENSE

Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each of them individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## THIRD AFFIRMATIVE DEFENSE

Defendant Officers cannot be held liable under Section 1983 to the extent that they were engaged in an inventory search incident to a lawful arrest and the search was conducted as part of the routine procedure incident to incarcerating an arrested person and in accordance with established inventory procedures. *U.S. v. Cartwright*, 630 F.3d 610, 613-14 (7th Cir. 2010).

## FOURTH AFFIRMATIVE DEFENSE

Defendant Officers are entitled to absolute immunity for any sworn testimony given during grand jury proceedings or at trial or other legal proceedings. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983).

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

**SIXTH AFFIRMATIVE DEFENSE**

As to Plaintiff's state law claim(s), Defendant Officers were public employees acting within the scope of their employment and therefore are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

**SEVENTH AFFIRMATIVE DEFENSE**

As to Plaintiff's state law claim(s), Defendant Officers were public employees acting within the scope of their employment and therefore are not liable for any acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees for her state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

**NINTH AFFIRMATIVE DEFENSE**

At the time of the occurrences alleged in the Complaint, Section 2-102 of the Tort Immunity Act was in effect and provided that "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injuries party…" 745 ILCS 10-2-102. At the same time, "Local public entity" under the Tort Immunity Act includes a municipal corporation. 745 ILCS 10/1-206. The City of Chicago, being a municipal corporation, is therefore immune from paying punitive or exemplary damages.

### TENTH AFFIRMATIVE DEFENSE

At the time of the occurrence alleged in Plaintiff's Complaint, Section 2-109 of the Tort Immunity Act was in effect, and provided that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Defendant police officers are employees of Defendant City. To the extent that employees of Defendant City are not liable for the claims alleged in Plaintiff's Complaint, Defendant City is not liable.

### JURY DEMAND

Defendants hereby demand a jury trial on issues so triable.

Dated: July 30, 2025.

Respectfully submitted,

Defendants
CITY OF CHICAGO
MATTHEW SHEA
CARL WILLIAMS
CHAD CWIK

By:

*S/ Eric Seeleman*
ERIC SEELEMAN
Assistant Corporation Counsel

Gregory M. Beck (Attorney No. 6308565)
Assistant Corporation Counsel Supervisor
Eric Seeleman (Attorney No. 6334936)
Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle, Suite 420
Chicago, IL 60602
Eric.Seeleman@cityofchicago.org
(312) 742-3902 (Seeleman)